IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORCOM 2000, INC., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1514-SMY |
| | ) |
| GOLD COAST BROADBAND, | ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HARRY NORTON AND AMERICAS CENTER CORPORATION, | ) |
| | ) |
| Third-party Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Norcom 2000, Inc. filed this breach of contract action against Gold Coast Broadband alleging that Gold Coast failed to pay for services rendered under the parties' contract (Doc. 1-1). Gold Coast filed a counterclaim against Norcom, Harry Norton, and America Center Corporation (Defendants) (Doc. 45). Now pending before the Court is Counter-Defendants' Motion to Dismiss Gold Coast's Counterclaim (Doc. 54), which Gold Coast opposes (Doc. 55). For the following reasons, the Motion is **DENIED**.

### Background

Gold Coast provides hi-tech telecommunication services to residential community developments. In 2007, Gold Coast began purchasing equipment and services from Norcom and America Center Corporation; two companies owned by Harry Norton (collectively, "Counter-Defendants"). From 2008 until 2016, Gold Coast paid more than $3,600,000 to the Counter-

Defendants for equipment and services which was negotiated on behalf of Gold Coast by its Chief Technology Officer Rafael Cabrera.

Gold Coast claims that it was a victim of an elaborate scheme between Cabrera and the Counter-Defendants whereby Gold Coast overpaid for parts and services it did not need, did not request, and in some cases, never even received. Specifically, in its In the Counterclaim, Gold Coast alleges that the Counter-Defendants charged fraudulently marked up or totally fabricated prices for goods and services; concealed the markups or fabricated the invoices altogether; induced Cabrera to breach his duty; and that the agreement to defraud Gold Coast constitutes a conspiracy. Gold Coast asserts eight causes of action: Count I – fraud; Count II – negligent misrepresentation; Count III – violation of the Illinois Consumer Fraud Act; Count IV – inducement of breach of fiduciary duty; Count V – aiding and abetting breach of fiduciary duty; Count VI – civil conspiracy; Count VII – unjust enrichment; and Count VIII – aiding and abetting commercial bribery.

Counter-Defendants assert that each count of the Counterclaim refers to them in the plural and makes a claim for relief against all three Counter-Defendants. They argue this "mixing of claims" violates Rule 10(b) by failing to give fair notice of the claims against each Counter-Defendant. They further argue that Gold Coast failed to plead its fraud claims with specificity, in violation of Rule 9(b).

## Discussion

Under Federal Rule of Civil Procedure 9(b), a party pleading fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of

particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Rule 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Fed.R.Civ.P. 10(b). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Noncompliance with Rule 10(b) is rarely a basis for dismissing a complaint. Id. When trying to determine whether to dismiss a complaint pursuant to Rule 10(b), "the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.* at 798.

Here, Gold Coast's Counterclaim is sufficiently clear to put Counter-Defendants on notice of the claims asserted by Gold Coast. Gold Coast provides detailed factual allegations describing the occurrences giving rise to the Counterclaim (*see* Doc. 45, ¶¶ 5-46). Gold Coast sets forth factual allegations in each Count – providing sufficient notice to Counter-Defendants as to what legal theory it is asserting. For example, to support its fraud claim, Gold Coast identified specific invoices (including the invoice date, amount and number), emails and text message, and wire transfers the Counter-Defendants used as a vehicle for their fraudulent conduct (Doc. 45 at ¶¶ 21-35). Gold Coast then makes the following allegations in Count I:

> Through their experience and contacts in the technology and telecommunications fields, Defendants were aware that the prices they charged Gold Coast were grossly inflated above the prevailing market prices of the goods in issue. Defendants, in concert with Cabrera, expressly and impliedly represented to Gold Coast that the prices charged by Norcom and ACC were reasonable. Defendants, in concert with Cabrera, falsely represented the quantities of goods being sold and delivered to

> Gold Coast. Defendants, in concert with Cabrera, falsely represented to Gold Coast that Gold Coast required certain equipment or services for the services Gold Coast was providing to its customers. Defendants made such representations with knowledge of their falsity and with the intent to induce Gold Coast's reliance on them. In agreeing to pay Defendants in accordance with the terms of their invoices, Gold Coast relied on Defendants' representations to their detriment.

(Doc. 45 at ¶¶ 48-53). These allegations are organized, coherent, and provide ample notice under Rule 10(b) of the claims asserted. The allegations are also sufficiently specific to satisfy the pleading standard under Rule 9(b).

For the foregoing reasons, Defendants' Motion to Dismiss the Counterclaim is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 29, 2021**

**STACI M. YANDLE**
**United States District Judge**